JS 44  (Rev. 11/04)                                            **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

IJAZ AHMAD QURESHI

**DEFENDANTS**

ARGOSY UNIVERSITY, doing business in the State of California, and DOES 1 through 100, inclusive

**(b)** County of Residence of First-Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Hopkins
775 E. Blithedale, #374
Mill Valley, CA  94941
(415) 435-5507

Attorneys (If Known)
John F. Baum
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA  94111
(415) 835-9006

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty |  | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other |  |  | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [X] 440 Other Civil Rights |  |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
(1) Unspecified laws prohibiting discrimination in schools receiving federal funds;
(2) 8 U.S.C. § 1184

Brief description of cause: (1) Discrimination against students; (2) unlawful reporting of visa status

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
April 10, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NDC-JS44

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE:  In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  Attorneys.  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2)    Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3)  Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4)  Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6)  Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7)  Check this box for an appeal from a magistrate judge's decision.

V.  Nature of Suit. Place an  "X"  in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:     U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an  "X"  in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  JOHN F. BAUM (SBN 148366)
   jbaum@cdhklaw.com
2  AMY A. DURGAN (SBN 245325)
   adurgan@cdhklaw.com
3  CURIALE DELLAVERSON HIRSCHFELD
   & KRAEMER, LLP
4  727 Sansome Street
   San Francisco, CA  94111
5  Telephone:  (415) 835-9000
   Facsimile:  (415) 834-0443
6
   Attorneys for Defendant
7  ARGOSY UNIVERSITY

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10
11 IJAZ AHMAD QURESHI,              Case No.

12              Plaintiff,          [San Francisco County Superior Court Case No.
                                    CGC 08 471050]
13 vs.
                                    NOTICE OF REMOVAL OF ACTION
14 ARGOSY UNIVERSITY, doing business UNDER 28 U.S.C. § 1441(b) AND UNDER
   in the State of California, DOES 1 through (1) UNSPECIFIED FEDERAL LAWS
15 100, inclusive,                 PROHIBITING DISCRIMINATION IN
                                    SCHOOLS RECEIVING FEDERAL
16              Defendant.          FUNDS AND (2) 8 U.S.C. §§ 1101 AND 1184

17                                  [FEDERAL QUESTION]

18                                  Complaint Filed:  January 14, 2008

19
20
21     TO THE CLERK OF THE COURT:

22         PLEASE TAKE NOTICE that Defendant Argosy University  ("Defendant" or "Argosy")

23 hereby removes to this Court the state court action described below.

24     1.     On January 14, 2008, an action was commenced in the Superior Court of the State

25 of California in and for the County of San Francisco, entitled *Ijaz Ahmad Qureshi v. Argosy*

26 *University, Does 1 through 100, inclusive,* as Case Number CGC 08 471050.  The Complaint

27 purports to state causes of action against Defendant for:  (1) Declaratory Relief; (2) Race

28 Discrimination under State and Federal laws prohibiting discrimination based on race or national

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    origin, particularly by schools receiving state and federal funds; (3) National Origin

2    Discrimination under State and Federal laws prohibiting discrimination based on national origin,

3    particularly by schools receiving state and federal funds; and (4) Religious Discrimination. The

4    Complaint seeks general and compensatory damages with interest, punitive damages, and

5    attorneys' fees. A true and correct copy of the Complaint, Summons, and Notice of Case

6    Management Conference is attached hereto as Exhibit A.

7        2.    Defendant was served with a copy of the Complaint, Summons, and Notice of

8    Case Management Conference on February 20, 2008 with a Notice and Acknowledgement of

9    Receipt. A true and correct copy of the Notice and Acknowledgement of Receipt is attached as

10   Exhibit B. Argosy acknowledged receipt of service on March 11, 2008. A true and correct copy

11   of the executed Notice and Acknowledgement of Receipt is attached as Exhibit C.

12       3.    Defendant files this Notice of Removal within 30 days after receipt of the

13   Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C. section 1446(b).

14       4.    The Complaint, Summons and additional documents referenced above, constitute

15   all of the process, pleadings and orders to date in the state action described in Paragraph 1 above.

16       5.    This action is a civil action over which this Court has original jurisdiction under 28

17   U.S.C. Section 1331, and one which may be removed to this Court pursuant to 28 U.S.C. Section

18   1441(b), in that it is a civil action founded on a claim or right arising under the laws of the United

19   States. The Second and Third Causes of Action state that Defendant Argosy was "required to

20   comply with State and Federal Laws prohibiting discrimination based on race or national origin,

21   particularly by schools receiving state and federal funds." (Complaint, Paragraphs 48, 53 and

22   58.) Although the federal laws are not specifically articulated in the Complaint, it is clear on its

23   face that Plaintiff is claiming that federal laws have been violated.

24       6.    Moreover, the Complaint alleges conduct that implicates the immigration status of

25   Plaintiff, such that Plaintiff claims that Defendant Argosy made false reports to a governmental

26   agency so that the Department of Homeland Security, a federal agency, unlawfully detained him.

27   (Complaint, Paragraphs 16, 17, 20, 27 and 29.) Thus, at the core of the Complaint will be federal

28   questions involving the reporting requirements under 8 U.S.C. sections 1101 and 1184,

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF REMOVAL
CASE NO.

1    information to be reported to the Department of State and the Immigration and Naturalization

2    Service to determine eligibility for federal benefits to schools with foreign students.

3          7.     Moreover, all four causes of action alleged in the Complaint arise from the same

4    "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

5    All four causes of action reference the same factual allegations (paragraphs 1 through 35 of the

6    Complaint). Therefore the court has jurisdiction over the remaining claims based on pendent

7    jurisdiction. *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 646 (9th Cir 1989).

8          8.     Based on the foregoing, this action arises under the laws of the United States and

9    is one which may be removed to this Court without regard to the amount in controversy or the

10    citizenship or residence of the parties pursuant to 28 U.S.C. Section 1441(b). *Caterpillar, Inc. v.*

11    *Williams*, 482 U.S. 386, 393 (1987).

12    Dated: April __10__, 2008

                     CURIALE DELLAVERSON HIRSCHFELD
                          & KRAEMER, LLP

15              By:_____
                        John F. Baum
                        Amy A. Durgan
          Attorneys for Defendant
          ARGOSY UNIVERSITY, doing business in
          the State of California, DOES 1 through 100,
          inclusive

*CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP*
*ATTORNEYS AT LAW*
*SAN FRANCISCO*

# EXHIBIT

# A

JAY AHMAD QURESHI VS. ARGOSY UNIVERSITY, DOING

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:     JUN-13-2008

TIME:     9:00AM

PLACE:    Department 212
          400 McAllister Street
          San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

SUM-100

# SU...MONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARGOSY UNIVERSITY, doing business in the State of California;
and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IJAZ AHMAD QURESHI

<div style="border:1px solid">

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

</div>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court, 400 McAllister Street
San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Hopkins, Attorney at Law, 775 E Blithedale, #374, Mill Valley, CA 94941 (415)435-5507

DATE
*(Fecha)* _____    Clerk, by _____ , Deputy
                                 *(Secretario)*                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)       [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
William Hopkins, SBN 170122
775 E. Blithedale, #374
Mill Valley, CA 94941

TELEPHONE NO.: (415) 435-5507    FAX NO.:
ATTORNEY FOR (Name): IJAZ AHMAD QURESHI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara County Superior Court
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

CASE NAME:
IJAZ AHMAD QURESHI v ARGOSY UNIV, and Does 1-100

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 15, 2007

William Hopkins, Attorney
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

WILLIAM R. HOPKINS, SBN 170122
775 E. BLITHEDALE, #374
MILL VALLEY, CA 94941
(415) 435-5507
Fax: (415) 435-5597

Attorneys for Plaintiff
Ijaz Ahmad Qureshi

THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| IJAZ AHMAD QURESHI<br>Plaintiff<br><br>vs.<br><br>ARGOSY UNIVERSITY, doing business in the State of California; and DOES 1-100, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1.  Declaratory Relief<br>2.  Race Discrimination;<br>3.  National Origin Discrimination;<br>4.  Religious Discrimination<br>5.  Intentional Infliction of Emotional Distress;<br><br>JURY TRIAL DEMAND<br><br>CASE MANAGEMENT CONFERENCE SET<br><br>JUN 1 3 2008  9:00 AM<br><br>DEPARTMENT 212 |

In this civil suit, Plaintiff alleges as follows against defendants:

PRELIMINARY INTRODUCTORY ALLEGATIONS

1.  Plaintiff IJAZ QURESHI is, and at all times mentioned in this complaint was, a former student of Defendant ARGOSY UNIVERSITY.

2.  Plaintiff, at all relevant time periods, is and was a foregoing student, lawfully residing in the State of California and enrolled in School at Argosy University.

COMPLAINT FOR DAMAGES

-1-

3.   Defendant ARGOSY UNIVERSITY, is, and at all times relevant herein mentioned, a corporation doing business in the state of California, County of San Francisco.

4.   Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint, were acting within the course and scope of that agency and employment.

5.   Plaintiff does not know the true names of defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes that DOES defendants are residents of the State of California.  Plaintiff will seek leave of court to amend this complaint to set forth their true names when they are ascertained.

6.   Plaintiff began his enrolment as a student at Argosy University's San Francisco campus (AUSF) on or about September of 2003.

7.   Plaintiff enrolled in the Doctorate in Information System Program.

8.   At the time, the AUSF was not accredited at the time of Plaintiff's admission for Doctorate in Information Systems Program.

9.   Plaintiff is informed and believes that certain AUSF personnel made misrepresentations regarding the school's accreditation for the Doctorate in Information System Program.

10.  Plaintiff relied upon such misrepresentations to his detriment in enrolling in the Doctorate in Information System Program.

11.  Plaintiff's application for admission provides that Plaintiff has applied for the Doctorate in Business Administration with Information Systems specialization.

COMPLAINT FOR DAMAGES

12. Argosy University San Francisco Campus (AUSF) issued Plaintiff a I20, F1 Immigration document to maintain the full time student status for international students, for the Doctorate in Information Systems Program at the time of his admission in Fall 2003.

13. Plaintiff is informed and believes that in the Fall school term of 2004, certain AUSF personnel changed Plaintiff's doctorate program in the database from Doctorate in Information Systems Program to Management without ever communicating these changes to Plaintiff and without obtaining his prior approval or consent. Plaintiff was not informed of this change nor given any option to voluntarily select a different program.

14. When Plaintiff later learned of these changes, he asked school personnel for an the explanation. Department Chair, Dr. Anthony Martinez, represented to Plaintiff that the Management program was is the only program available.

15. Martinez further states to Plaintiff that "you are stuck here," and thus if Plaintiff moved move to any other university, he would end up loosing the approximate 20,000 dollars Plaintiff had paid up to that juncture in enrollment cost and fees, along with all other the expenses he had incurred.

16. In or about January, 2005, Plaintiff is informed and believes that AUSF hired Immigration Attorney, Ira Podheiser from Pittsburgh, Pennsylvania to work as an International Student Advisor.

17. Over the next three months, from February through May of 2005, Ira Podheiser, an Immigration Attorney, had two meetings with Plaintiff in which he informed Plaintiff that "you are out of status because you did not maintain your legal status as a foreign student, we are going to get you deported."

18. When Plaintiff asked Podheiser why AUSF officials never informed him in the past two years that he was out of status, Podheiser said "you guys (referring to people from muslim countries)

COMPLAINT FOR DAMAGES

-3-

are not welcome in this country." When Plaintiff then advised Podheiser that he would report this to governmental authorities, Podheiser replied "our pockets are much deeper than yours so you are going to end up in our prisons for rest of your life."

19. Plaintiff then asked Ira Podheiser if he could I would like to bring my attorney in the meeting with him, he replied telling Plaintiff that no outsider is allowed. When Plaintiff insisted that he bring his own counsel to attend the meeting, Podheiser cancelled the meeting.

20. Plaintiff is informed and believes that Ira Podheiser made a false report to a governmental agency concerning Plaintiff, specifically reporting that that Ijaz Qureshi is from Pakistan and is involved in the activities that could be a serious threat to the national security .

21. In or about September 20, 2005, following Podheiser's report, Plaintiff was detained.

22. During the August, 2005 time period, Plaintiff was also concurrently enrolled at UC Berkeley.

23. Plaintiff was sent an over night letter through UPS on August 11th 2005, (a 10 day delay) informing him that his concurrent enrollment courses at UC Berkeley were not reported. Plaintiff then learned that AUSF had terminated his records from SEVIS on August 3rd 2005.

24. Plaintiff is informed and believes, however, that Plaintiff's department Chair, however, was fully aware of his academic program and had full knowledge that Plaintiff was taking classes at UC Berkeley.

25. On August 10th 2005, Plaintiff received an email from Megan Ward, International Student Advisor, stating that Plaintiff has no status in this country so he is to leave the country as soon as possible or be removed.

26. Ira Podheiser has advised Plaintiff earlier that Plaintiff's records (SEVIS) would not be terminated until AUSF had given him a letter describing the facts that lead to the falling of out of status. This never occurred.

COMPLAINT FOR DAMAGES

-4-

27. The Department of Homeland Security gives 15 days for students to move to other schools. If the student is not transferred within the 15-day period, then they are considered out of status. By not letting Plaintiff know that his records were terminated from SEVIS in a timely manner, AUSF intentionally harmed Plaintiff's interest by exposing him to penalties and punishment for being out of status in this country.

28. Plaintiff contacted campus president Dr. Sansing, on August 11th 2005, and asked why he was not informed about this action and she stated "we have lots of other things to do and we are very busy here." She then ended the call.

29. On September 27th 2005, Plaintiff was again arrested by the DHS. Plaintiff is informed and believes that he was arrested based on false information given to DHS by AUSF personnel.

30. While in custody, Plaintiff attempted to contact department Chair, Dr. Anthony Martinez, who rejected Plaintiff's several collect calls.

31. Plaintiff is informed and believes that no one at AUSF student services made any efforts to informed Plaintiff's family of his incarceration, which thus prolonged his incarceration.

32. Following his release, Plaintiff visited the AUSF on October 4, 2005 and asked Dr Martinez why he did not inform Plaintiff's family of the incarceration. Dr. Martinez informed Plaintiff that he had reported this information to campus president Dr. Sansing, but Dr. Sansing was not responsive and declined to take any action.

33. Plaintiff is informed and believes that per AUSF policy a doctoral student is required to complete 45 units. Plaintiff, however, was required to complete 51 units. The extra six units put Plaintiff six months (one semester) behind in his schedule

34. In five of Plaintiff's Doctoral classes, Plaintiff is informed and believes that there were students who paid only 1,000 dollars or less for each class whereas AUSF billed Plaintiff 2,350 dollars

COMPLAINT FOR DAMAGES

-5-

for each class. There were for the same class materials, same instructions from the lecturer, same home work and same academic level, but Plaintiff was billed 1,350 dollars more than other students for five classes.

35. Plaintiff is informed and believes that the even if AUSF did not enter Plaintiff's information in the SEVIS system, it would have been fine to maintain the hard copies of the record in the file.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

[AGAINST ALL DEFENDANTS, and DOES 1-10]

36. Plaintiff realleges and incorporates paragraphs of the preliminary allegations as though fully set forth herein.

37. California Code of Civil Procedure, section 1060 provides, in pertinent part, that: Any person interested under a written instrument . . . . or who desires a declaration of his or her rights or duties with respect to another, . . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

38. A justiciable controversy now exists between Plaintiff on the one hand and Defendant on the other hand as to the Plaintiff's rights and Defendant's obligations.

39. Specifically, Plaintiff has been wrongfully dismissed; discriminated against as a student and/or is also owed certain amounts in refund of his expenditures.

40. A declaration by this Court is proper at this time to interpret, establish, and enforce the parties' rights and obligations.

41. Among other rights to be determined, Plaintiff seeks a declaration determining Defendant's obligations to specifically perform its obligations and to reinstate Plaintiff as a student, refund certain amounts of money and correct other actions that were in violation of the school's policies and procedures.

42. As a direct and proximate result of the actions of the Defendants, Plaintiff sustained and will sustain monetary damages with will be established by proof at trial.

43. As a further direct and proximate result of the actions of the Defendants, Plaintiff has sustained severe emotional distress and mental anguish, and has been damaged thereby; the amount of such damages will be established by proof at trial.

44. The actions of the Defendants complained of herein were done maliciously and oppressively, by reason whereof Plaintiff is entitled to an award of punitive damages, the amount of such damages to be established by proof at trial.

45. Plaintiff is entitled to an award of reasonable attorney's fees in connection with prosecution of this action.

46. Plaintiff is entitled to prejudgment interest under and by virtue of any provision of law entitling him thereto.

## SECOND CAUSE OF ACTION
### (RACE Discrimination)
### [AGAINST ALL DEFENDANTS, and DOES 1-10]

47.  Plaintiff realleges and incorporates paragraphs of the preliminary allegations as though fully set forth herein.

48.  At all times hereinafter mentioned, Defendants were required to comply with State and Federal Laws Prohibiting discrimination based on race or national origin, particularly by schools receiving state and federal funds.

49.  Certain acts, as alleged herein constitute discrimination on account of Plaintiff's race. \

50.  As a direct and proximate result of the actions of the Defendants, Plaintiff sustained and will sustain monetary damages which will be established by proof at trial.

51.  As a further direct and proximate result of the actions of the Defendants, Plaintiff has sustained severe emotional distress and mental anguish and has been damaged thereby; the amount of such damages will be established by proof at trial.

## THIRD CAUSE OF ACTION
### (NATIONAL ORIGIN Discrimination)
### [AGAINST ALL DEFENDANTS, and DOES 1-10]

52.  Plaintiff realleges and incorporates paragraphs of the preliminary allegations as though fully set forth herein.

53.  At all times hereinafter mentioned, Defendants were required to comply with State and Federal Laws Prohibiting discrimination based on national origin, particularly by schools receiving state and federal funds.

COMPLAINT FOR DAMAGES

-8-

54. Certain acts, as alleged herein constitute discrimination on account of Plaintiff's NATIONAL ORIGIN.

55. As a direct and proximate result of the actions of the Defendants, Plaintiff sustained and will sustain monetary damages which will be established by proof at trial.

56. As a further direct and proximate result of the actions of the Defendants, Plaintiff has sustained severe emotional distress and mental anguish and has been damaged thereby; the amount of such damages will be established by proof at trial.

## FOURTH CAUSE OF ACTION
### (RELIGIOUS Discrimination)
### [AGAINST ALL DEFENDANTS, and DOES 1-10]

57. Plaintiff realleges and incorporates paragraphs of the preliminary allegations as though fully set forth herein.

58. At all times hereinafter mentioned, Defendants were required to comply with State and Federal Laws Prohibiting discrimination based on race or national origin, particularly by schools receiving state and federal funds.

59. Certain acts, as alleged herein constitute discrimination on account of Plaintiff's religion, specifically his Islamic faith.

60. As a direct and proximate result of the actions of the Defendants, Plaintiff sustained and will sustain monetary damages which will be established by proof at trial.

61. As a further direct and proximate result of the actions of the Defendants, Plaintiff has sustained severe emotional distress and mental anguish and has been damaged thereby; the amount of such damages will be established by proof at trial.

COMPLAINT FOR DAMAGES

-9-

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### [AGAINST ALL DEFENDANTS, and DOES 1-10]

62. Plaintiff realleges and incorporates paragraphs of the preliminary allegations as though fully set forth herein.

63. As a further direct and proximate result of the actions of the Defendants, Plaintiff has sustained severe emotional distress and mental anguish and has been damaged thereby; the amount of such damages will be established by proof at trial.

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against Defendants as follows:

1. For general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2. For costs and reasonable attorney's fees and expenses of suit;

3. For punitive damages where allowed by law;

4. Such other and further relief as the court considers just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury in all causes of action in his complaint.

DATED: Dec 15, 2007          By: _____

William Hopkins, Esq.,
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

–10–

# EXHIBIT

# B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

William Hopkins, SBN 170122
775 E. Blithedale, #374
Mill Valley, CA 94941

TELEPHONE NO. (415)435-5507          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*: wrhopkins3@prodigy.net
ATTORNEY FOR *(Name)*: Ijaz Ahmad Qureshi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: Ijaz Ahmad Qureshi

DEFENDANT/RESPONDENT: Argosy University and Does 1-100

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: |
|---|---|
| | CGC 08 471050 |

TO *(insert name of party being served)*: Ijaz Ahmad Qureshi

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 20, 2008

William Hopkins, Attorney
_____          ► _____
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

     Notice to Plaintiff [Case Management Conference Order]

*(To be completed by recipient)*:

Date this form is signed:

_____          ► _____
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,*        *(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
*ON WHOSE BEHALF THIS FORM IS SIGNED)*                 *ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT

# C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William Hopkins, SBN 170122<br>775 E. Blithedale, #374<br>Mill Valley, CA 94941<br><br>TELEPHONE NO. (415)435-5507   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): wrhopkins3@prodigy.net<br>ATTORNEY FOR (Name): Ijaz Ahmad Qureshi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS
CITY AND ZIP CODE San Francisco, CA 94102-4514
BRANCH NAME

PLAINTIFF/PETITIONER: Ijaz Ahmad Qureshi

DEFENDANT/RESPONDENT: Argosy University and Does 1-100

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC 08 471050 |
|---|---|

TO (insert name of party being served): : Ijaz Ahmad Qureshi

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 20, 2008

William Hopkins, Attorney
(TYPE OR PRINT NAME)                    ▶        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other (specify):

    Notice to Plaintiff [Case Management Conference Order]


(To be completed by recipient):

Date this form is signed: 3-11-08

JOHN F. BAUM
Defendant Argosy University
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)     ▶     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On April 10, 2008, I served the following document(s) by the method indicated below:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) AND UNDER (1) UNSPECIFIED FEDERAL LAWS PROHIBITING DISCRIMINATION IN SCHOOLS RECEIVING FEDERAL FUNDS AND (2) 8 U.S.C. §§ 1101 AND 1184; CIVIL COVER SHEET

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 10, 2008, I caused to be served via messenger the above-listed documents.

☐    by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐    By placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

*Attorney for Plaintiff:*

William R. Hopkins, Esq.
775 E. Blithedale, #374
Mill Valley, CA 94941
(415) 435-5507

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE          1          4812.1921.4594

1        I declare under penalty of perjury under the laws of the State of California that the above
2    is true and correct.  Executed on April 10, 2008, at San Francisco, California.

3                             Cheri McCaffrey

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IJAZ AHMAD QURESHI E-filing

Plaintiff(s),

v.

ARGOSY UNIVERSITY,
Defendant(s).

No. **C 08-01913 MEJ**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 4/10/2008 | Notice of removal filed | |
| 6/26/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/10/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 7/17/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

\*   If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# Case Management Standing Order
# Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Brenda Tolbert, Courtroom Deputy (415) 522-4708

1.    Civil Law & Motion is heard on Thursdays at 10:00 a.m.  Counsel need not reserve a hearing date for civil matters, but should confirm Judge James' availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov. Motions are governed by the Civil Local Rules and the Federal Rules of Civil Procedure.  Motions for summary judgment shall be accompanied by a joint statement of undisputed facts in compliance with Civil L. R. 56-2(b).

2.    Criminal motions are scheduled with the courtroom deputy for any Thursday at 10:00 a.m. when the judge is available, or during the regular criminal calendar while Judge James is on criminal duty.  Motions are governed by the Federal Rules of Criminal Procedure and the Criminal Local Rules.

3.    Discovery disputes are governed by Judge James' discovery standing order, enclosed herewith and available on the Court's website.

4.    Counsel shall meet and confer prior to the Case Management Conference and file a Joint Case Management Conference Statement no later than seven days prior to the c.m.c.  The statement shall address the information contained in the Joint Case Management Statement and [proposed] Case Management Order form, enclosed herewith and available on the Court's website.

5.    At least seven days prior to the c.m.c., each party shall file the magistrate jurisdiction consent/declination form, enclosed herewith and available on the Court's website.  In the event that any defendant(s) files a motion to dismiss, defendant(s) shall file the consent/request form at the time the motion is filed and plaintiff(s) shall file the consent/declination form fourteen days thereafter, at the time the opposition is due.

6.    In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day following the day the papers are filed electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number.  Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

Dated: May 31, 2006

_____
Maria-Elena James
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR
CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES**

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. <u>All parties and counsel are required to follow these procedures.</u>

1.    Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2.    The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3.    <u>The Court will not consider a formal motion to compel under Civil Local Rule 7.</u> Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

1

1    five pages and may not be accompanied by exhibits or affidavits other than exact copies of

2    disputed interrogatories, requests for production of documents and/or responses, privilege logs,

3    and relevant deposition testimony.  The parties need not state all disputes in one letter; rather, it

4    is preferable that the parties file a separate letter for each dispute.

5    4.    In the event that counsel is unable to meet and confer with a party or opposing counsel

6    as directed above, counsel shall file a written request for a telephonic conference for the

7    purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an

8    alternative procedure which satisfies the meet and confer requirement.  Counsel's written

9    request shall state (1) three agreed upon prospective times and dates for the telephonic

10   discovery conference to take place, (2) the anticipated length of the conference, and (3) the

11   phone numbers at which counsel shall be contacted on the day of the conference.  A copy of the

12   written request shall be served on opposing counsel and verification of said service shall be

13   filed with the request.  Additionally, counsel shall file a declaration which states any attempt to

14   meet and confer and the reasons for the inability to comply with this standing order.  Counsel

15   may attach exhibits to support the declaration, but the declaration and exhibits combined may

16   not exceed seven pages.  The Court will not excuse a party from the requisite in-person meeting

17   unless good cause is shown.

18   5.    In the event that the parties are participating in a deposition or a site inspection and a

19   discovery dispute arises regarding the deposition and/or site inspection, the parties may contact

20   Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge

21   James is available to resolve the parties' impending dispute telephonically.  In the event that

22   Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy

23   for any reason, the parties shall proceed follow the procedures for requesting a telephonic

24   conference as set forth in paragraph 4 above.  The deposition or site inspection shall

25   nevertheless proceed with objections noted for the record.

26   6.    In the event that a matter is to be taken off calender, or continued to a further date, a

27

28
                                          2

written stipulation signed by the parties shall be filed with the Court for approval.

7.     Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the Court *ex parte* without prior notice to the opposing party. Further, all communications or questions to the Court shall be presented to the Court in writing and shall be properly filed. Parties must certify to the Court that all parties were served a copy of the written communication. Unless expressly requested by the Court, documents should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of Court.

8.     Parties shall not mail or fax to the Court copies of correspondence from a party regarding any dispute pending before the Court.

9.     Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local Rules 7 and 37-3. Any party seeking an award of attorney's fees or other expenses in connection with a motion shall file a declaration with the opposition or reply memorandum which itemizes with particularity the fees and expenses claimed.

10.     In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day after filing. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: May 31, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3

## NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND
## ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial.  In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties.  An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition.  Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

**IT IS SO ORDERED.**

Date:  May 31, 2006

_____
Maria-Elena James
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the Northern District of California

## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

vs.

Defendant(s).

_____/

No. C        MEJ

**CONSENT TO ASSIGNMENT OR
REQUEST FOR REASSIGNMENT**

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of final judgment, and voluntarily waives the right to proceed before a United States District Judge.

Dated:_____

Signed by: _____

Counsel for:_____

## REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signed by: _____

Counsel for: _____

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.  <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.　　Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.　　Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.　　Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.　　Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.　　Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.　　Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.　　Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.　　Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.　　Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

E-filing  

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. **This means that you must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676–6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**<u>Submitting Initiating Documents</u>**
PDF versions of all the initiating documents originally submitted to the court
(Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**<u>Converting Documents to PDF</u>**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**<u>Email Guidelines:</u>** When sending an email to the court, the subject line of the email **<u>must</u>** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## MARIA-ELENA JAMES

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

Defendant(s).

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.  Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.  There are no filing fees once a case has been opened.

12.  New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.  Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.  Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.  A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.  The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.  Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.  We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.      The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.      The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.      Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.      After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.      If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:   (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.      A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.      Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On April 10, 2008, I served the following document(s) by the method indicated below:

> **NOTICE TO STATE COURT (SAN FRANCISCO COUNTY SUPERIOR COURT) AND TO ADVERSE PARTY OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
>
> **Civil Cover Sheet**
> **Notice of Removal**
> **Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Standing Order, Standing Order, Notice of Trial Assignment, Consent to Assignment or Request for Reassignment, Standing Order re CMC Statement**
> **ECF Registration Information Handout**
> **Notice of Case to United States Magistrate Judge**
> **Welcome Instructions**
> **Drop Box Filing Procedures**
> **District Judge List**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 10, 2008, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

*Attorney for Plaintiff:*

2

3    William R. Hopkins, Esq.
     775 E. Blithedale, #374
     Mill Valley, CA 94941

4    (415) 435-5507

5        I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct. Executed on April 10, 2008, at San Francisco, California.

6

7                                                        Cheri McCaffrey

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2